United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-00626 |
| § | |
| BARBARA L HOLMES, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendants', Barbara L. Holmes, individually, and as independent executrix of the estate of Shirley H. Bernhardt, and Kevin W. Holmes, individually (the "defendants"), motion for summary judgment and brief in support (Dkt. Nos. 26 and 27). The plaintiff, the United States (the "Government"), has filed a response in opposition to the motion (Dkt. No. 29) to which the defendants have filed a reply (Dkt. No. 32). Also before the Court is the Government's motion for summary judgment (Dkt. No. 28). The defendants have filed a response to the Government's motion (Dkt. No. 30) to which the Government has filed a reply (Dkt. No. 31). After having carefully considered the motions, responses, replies, the record, and the applicable law, the Court determines that the Government's motion for summary judgment should be **GRANTED in part** and the defendants' motion for summary judgment should be **DENIED**.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This suit is brought by the Government to collect an unpaid estate tax deficiency based on the Internal Revenue Service's ("IRS") assessment surrounding the estate of Shirley H.

Bernhardt[1] (the "Estate").  Barbara Holmes is designated as the independent executrix of the Estate.  On July 16, 1998, the Estate filed a Form 706 estate tax return with the IRS for the 1997 tax year prepared by Kevin Holmes as the agent, and signed by Barbara Holmes.  Kevin Holmes is a certified public accountant, a tax lawyer, and is also married to Barbara Holmes.  The return reported an estate tax liability of $700,024.34, which was remitted by the Estate.  On October 9, 1998, the IRS selected the Estate's 1997 tax return for audit.  On June 26, 2001, the IRS issued a Notice of Deficiency against the Estate, determining that the gross estate should have been increased from the $2,884,113.00 reported on the Estate's tax return to $4,706,731.00.  The adjusted valuation resulted in an additional estate tax liability of $1,225,577.00.  The Estate contested the Notice of Deficiency in the United States Tax Court, and on June 8, 2004, the tax court adopted a stipulated decision of the parties ordering a balance tax deficiency due to the IRS in the amount of $215,264.70.  This amount represented the sum of the net tax deficiency held to be due of $263,843.70 less the total equitable recoupment[2] offset of $48,579.00.  The stipulated decision also ordered that the Estate may claim a "State estate, inheritance, legacy or succession" ("state estate") tax credit of $40,534.50, which, in turn, would further reduce the balance deficiency due.  Lastly, the stipulated decision permitted the IRS to assess statutory interest.

On July 16, 2004, the IRS reassessed the estate tax deficiency reflecting a balance deficiency due of $223,309.20 and added interest in the amount of $108,703.62.  It is undisputed that the IRS's assessment was erroneous because it applied the state estate tax credit to the net

---

[1] Shirley Bernhardt died testate on October 15, 1997.
[2] Equitable recoupment is a judicial doctrine that allows a tax court to offset a tax deficiency owed to the IRS for a particular year by overpayments made by a taxpayer to the extent that the taxpayer has overpaid his taxes relating to that same transaction in a year barred by statute of limitations.  *See generally United States v. Dalm*, 494 U.S. 596, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990).  In this case, the stipulated decision specifically provided for an offset of the net deficiency due for the overpayments of income taxes made by the beneficiaries of the Estate as follows: a payment of $174.00 made on April 15, 1998; a payment of $21,585.00 made on April 15, 1999; and a payment of $26,820.00 made on April 15, 2000.

deficiency instead of the balance deficiency due as stated in the stipulated order. Notice containing the erroneous assessment was sent to Barbara Holmes. On September 15, 2004, the Estate, through Kevin Holmes, responded to the assessment with its belief that it was inaccurate and requested a second determination.

On December 27, 2004, the IRS placed the Estate's case in the revenue officer queue for collection, but the case was not assigned to a revenue officer until April 22, 2013. Subsequently, on August 19, 2013, the IRS filed Notices of Federal Tax Liens in connection with the Estate's unpaid taxes. On September 27, 2013, the IRS sent the Estate, by certified mail, a final Notice of Intent to Levy and Notice of Right to a Hearing. In the notice, the IRS advised the Estate of its right to seek a Collection Due Process or Equivalent hearing (collectively, "CDP hearing") pursuant to 26 U.S.C. §§ 6320 and 6330. On October 5, 2013, Kevin Holmes responded to the notice, by certified mail, with a Form 12153 request for a CDP hearing along with a Form 2848 power of attorney, properly executed by Barbara Holmes, authorizing Kevin Holmes to represent the Estate in the hearing.

The IRS claims that part of the Estate's October 5, 2013 package—specifically, the CDP hearing request—was misplaced due to the federal government shutdown from October 1, 2013 to October 16, 2013. As a result, the IRS is unable to locate the original Form 12153 CDP hearing request. However, the IRS was able to locate and process the Form 2848 Power of Attorney that accompanied the request.

A dispute later arose regarding the timeliness of the Estate's CDP hearing request.[3] On May 2, 2014, Kevin Holmes mailed a letter containing a copy of the October 5, 2013 CDP hearing request, stating that the original letter was sent by certified mail. On June 2, 2014, Kevin

---

[3] To challenge the IRS's notice of intent to levy, a taxpayer is required to submit a CDP hearing request to the IRS within 30 days from the notice. Otherwise, the taxpayer is barred from challenging the levy. *See* 26 U.S.C § 6320.

Holmes sent an additional letter reiterating the Estate's position that the certified October 5, 2013 package containing the CDP hearing request was timely received. In that letter, the Estate also withdrew its request for a CDP hearing, but demanded an equivalent hearing and requested a copy of the IRS audit file in anticipation of the hearing. An additional request was sent on July 8, 2014. On July 11, 2014, the IRS notified the Estate that it accepted the Estate's timely request for a CDP hearing.

On March 10, 2015, the Government filed suit against Barbara Holmes individually and in her official capacity as independent executrix of the Estate and Kevin Holmes, individually to collect the unpaid estate tax liability. The Government asserts federal jurisdiction pursuant to 26 U.S.C. § 7402, 7403, and 7404 and 28 U.S.C. §§ 1340 and 1345. The Court addresses the parties cross-motions for summary judgment.

### III.    CONTENTIONS OF THE PARTIES

#### A.    The Defendants' Contentions

The defendants acknowledge the tax liability, but contend that the Government's collection efforts against the Estate are barred by the ten-year limitations period set out in § 6502 of the Internal Revenue Code. Thus, the defendants urge the Court to grant summary judgment in their favor.

#### B.    The Government's Contentions

In response to the defendants' motion, the Government argues that the statutory limitation period had not expired when it filed suit because the limitation period was suspended for 241 days pursuant to 26 U.S.C. § 6330 while the defendants' CDP hearing was "pending" from October 5, 2013 to June 2, 2014. Thus, the Government contends that the defendants' motion is without merit as it met the statute of limitation and urge that summary judgment be

granted in its favor reducing the unpaid tax deficiency to judgment in the amount of $551,627.96. In addition, the Government also moves for summary judgment on the defendants' counterclaim arguing that the defendants lack standing to bring their 26 U.S.C. § 7433 counterclaim for refund because they are not "taxpayers" as it applies to the statute.

### IV. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may

not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

V.  ANALYSIS & DISCUSSION

  A.  Statute of Limitations

The Court finds that the Government's suit is not barred by the applicable statute of limitations. Under 26 U.S.C. § 6502(a)(1), the Government generally has ten years from the date of assessment to commence proceedings in federal court to collect the tax imposed. *See United States v. Warden*, 59 F.3d 1242 (5th Cir. 1995). However, under 26 U.S.C. § 6330(e):

> "if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending."

As the defendants exhort, the Treasury Regulations further clarify the suspension period for purposes of § 6330 noting the following:

> [t]he suspension period commences on the date the IRS receives the taxpayer's written request for a CDP hearing. The suspension period continues until the IRS receives a written withdrawal by the taxpayer of the request for a CDP hearing or the Notice of Determination resulting from the CDP hearing becomes final upon either the expiration of the time for seeking judicial review or upon exhaustion of any rights to appeals following judicial review. . . .

Tres. Reg. § 301.6330-1(g)(2).

The defendants argue that because the October 5, 2013 CDP hearing request was misplaced by the IRS, the Government is unable to establish that it received the request for purposes of suspending the limitation period, or at the very least, the request was not received until May 2, 2014, when the Estate resent a copy of the original request. The Court finds that the defendants are precluded from raising this argument in equity by the estoppel doctrine applicable in tax cases known as "quasi estoppel" or the "duty of consistency." The duty of consistency prevents a taxpayer from taking one position one year, and a contrary position in a later year,

after the limitations period has run. *Union Carbide Corp. v. United States*, 612 F.2d 558, 566 (Ct. Cl. 1979); *Johnson v. C.I.R.*, 162 F.2d 844 (5th Cir. 1947).

"The elements of the duty of consistency are: (1) a representation or report by the taxpayer; (2) on which the Commission has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner." *Herrington v. C.I.R.*, 854 F.2d 755, 758 (5th Cir. 1988). "If this test is met, the Commissioner may act as if the previous representation, on which he relied, continued to be true, even if it is not. The taxpayer is estopped to assert the contrary." *Id.*

The defendants lodge two arguments asserting that the duty of consistency is inapplicable in this case. First, while the defendants are correct in arguing that the duty of consistency does not apply to questions of law, this case clearly presents a question of fact—whether the IRS received the October 5, 2013 request as well as a question of law—whether the statute of limitation has run. The duty of consistency applies in such cases. *See id.* at 758; *see also LeFever v. C.I.R.*, 100 F.3d 778, 788 (10th Cir. 1996) (holding that the duty of consistency applies if the inconsistency involves a question of fact or a mixed question of fact and law.). Second, the defendants argue that the duty of consistency is applicable only when a taxpayer adopts a factual representation for one tax year and adopts a different factual representation for a different tax year. The Court is not compelled to recognize this narrow interpretation of the principle. Courts have held the duty of consistency to apply in cases, such as the instant action, where a taxpayer has taken one position, garnering a tax benefit over many years, and attempts to change its position to garner another benefit. *See Estate of Ashman v. C.I.R.*, 231 F.3d 541, 544 (9th Cir. 2000) (citing *R.H. Stearns Co. of Boston, Mass., v. United States*, 291 U.S. 54, 60, 54 S.

Ct. 325, 328, 78 L. Ed. 647 (1934)); *Building Syndicate Co. v. United States*, 292 F.2d 623, 626 (9th Cir. 1961); *see also Alamo Nat'l Bank v. Commissioner*, 95 F.2d 622, 623 (5th Cir. 1938). In the instant case, the defendants have garnered the benefit of avoiding the tax deficiency for many years, and now change their factual representation in an attempt to garner a judicial shield of protection from liability. Thus, the principle applies.

Turning to substance, all elements of the duty of consistency are met here. First, the Government concedes that it misplaced the October 5, 2013 request allegedly due to the government shut down in October 2013. At that time, the defendants aggressively demanded a CDP hearing, representing that the IRS timely received the request. *See* 26 U.S.C. § 6320(3)(B). For example, in a letter dated May 2, 2014, Kevin Holmes acting as the attorney for the Estate, stated, in relevant part: ". . . I mailed you a certified letter dated October 5, 2013 which included both my power of attorney for the estate and a request for a collection due process or equivalent hearing. I know you received it because it was in the package which contained my Form 2848 Power of Attorney for the estate. . . ." (Dkt. No. 26, Ex. C, Part 4 at 3; Dkt No. 28, Ex. 9).

In addition, Kevin Holmes sent another letter also acknowledging that he timely sent the October 5, 2013 request. (Dkt No. 28, Ex. 10). Second, the IRS relied on this representation by accepting the CDP hearing request as timely submitted, granting the defendants the benefit of a hearing. Finally, the defendants' argument, that the IRS did not receive the October 5, 2013 request, is contrary to their previous representation. Indeed, this subsequent inconsistent representation recharacterizes the defendants' situation in a way that harms the IRS. Thus, the duty of consistency precludes the defendants from asserting that the statute of limitations bars the Government's collection efforts.

Accordingly, the Court finds that the applicable limitation period was tolled when the IRS received the Estate's CDP hearing request on October 5, 2013[4], until June 2, 2014, when the hearing request was withdrawn. Therefore, as a matter of law, the Government's motion for summary judgment is appropriate and should be granted.

### B. Estate Tax Liability for the 1997 Tax Year

The Government argues that the defendants owe unpaid estate taxes, interest, and penalties in the amount of $551,627.96, as of April 29, 2016, for the 1997 tax year. With regard to tax liability calculations, the Government is entitled to a legal presumption of correctness and the taxpayer has the burden to prove by a preponderance of evidence that the determination was erroneous. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242–43, 122 S. Ct. 2117, 153 L. Ed. 2d 280 (2002); *United States v. Lochamy*, 724 F.2d 494, 497–98 (5th Cir. 1984) (quoting *Carson v. United States*, 560 F.2d 693, 696 (5th Cir. 1977)).

The Government presents evidence indicating that the Estate's tax liability is based on the amount assessed in the stipulated order of the tax court of $215,264.70 less the state estate credit of $40,534.50 and refund of $3.06 yielding a balance deficiency due of $174,727.14. (*See* Dkt No. 28, Ambuehl Declaration at ¶ 2, Ex. 1). The amount also includes failure to pay penalties and interest added in the amount of $55,783.80, as well as statutory interest and lien filing fees added in the amount of $321,117.02. *See id; see also* 26 U.S.C. §§ 6601, 6621, and 6651(a)(3). The record also reveals that Barbara Holmes signed the stipulated order on behalf of the Estate, agreeing that "interest [would] be assessed as provided by law on any deficiency due. . . ." (Dkt No. 28, Ex. 1 at 3). Thus, the Government has met its summary judgment burden.

The burden now shifts to the defendants to show that there is a genuine issue of material fact with regard to the Government's assessment. The defendants concede to the underline tax

---

[4] The Court accepts the postmark date of the package as the date of receipt. *See* 26 U.S.C. § 7502.

liability, but dispute the interest and penalties. Specifically, the defendants argue that the IRS erroneous recalculated assessment resulted in inaccurate interest and penalty calculations. The Government acknowledges the IRS's erroneous calculation subsequent to the tax decision, but establishes that it rectified the mistake in its complaint to the Court. As such, the defendants urge, first, that the interest should be abated pursuant to 26 U.S.C. § 6404(e) given the erroneous calculation. The Court agrees with the Government that the Court lacks jurisdiction to make a determination on abating the interest. *Hinck v. United States*, 550 U.S. 501, 127 S. Ct. 2011, 167 L. Ed. 2d 888 (2007) (holding that the "Tax Court provides exclusive forum for judicial review of IRS'S refusal to abate interest."). The unrefuted record reflects that the Government corrected the inaccuracy in the IRS's initial assessment in its current suit. Thus, the Court finds no further reason to abate the interest as the defendants insist.

Next, the defendants argue that they are not liable for penalties because they "possessed reasonable cause for not paying the tax deficiency" due to the IRS's inaccurate assessment. Section 6651 of the Internal Revenue Code provides that the IRS may assess a .5 percent penalty against a taxpayer for failure to pay unless it is shown that "such failure is due to reasonable cause and not due to willful neglect[.]" 26 U.S.C. § 6651(a)(3). The taxpayer bears a heavy burden of proving reasonable cause and the absence of willful neglect. *Staff IT, Inc. v. United States*, 482 F.3d 792, 798 (5th Cir. 2007) (citing *United States v. Boyle*, 469 U.S. 241, 245, 105 S. Ct. 687, 690, 83 L. Ed. 2d 622 (1985)). "Reasonable cause may be found where a taxpayer shows that he or she was unable to pay the tax or would suffer an undue hardship, despite exercising ordinary care and prudence in providing for payment." *E.J. Harrison & Sons, Inc. v. C.I.R.*, 102 T.C.M. (CCH) 13 (T.C. 2011) (citing 26 C.F.R. § 301.6651-1). Willful neglect is

defined as "a conscious, intentional failure or reckless indifference." *Staff IT, Inc.*, 482 F.3d at 798.[5]

Here, the Court concludes that the defendants have not demonstrated reasonable cause because the defendants failed to exercise ordinary care and prudence under this fact specific circumstance. The record is clear that Kevin Holmes is a CPA and practicing tax attorney. (*See* Dkt. No. 26, Ex. E, K. Holmes Depo. at 8:3 – 9:25). While the Court recognizes that Kevin Holmes sent a response to the IRS challenging its initial calculation, to allow the defendants to avoid payment of the acknowledged tax liability and penalties for years would run afoul of Congress' intended purpose in enacting the statute. *See Boyle*, 469 U.S. at 245 ("Congress' purpose in the prescribed civil penalty was to ensure timely filing of tax returns to the end that tax liability will be ascertained and paid promptly."). Arguably, this is a case of willful neglect because Kevin Holmes is a tax attorney familiar with the duties mandated by the tax laws, or at the very least, possessed the capacity to competently promote a prompt resolution of the matter. The duty to promptly pay a tax liability always remains on the taxpayers. *See Id.* ("Prompt payment of taxes is imperative to the Government, which should not have to assume the burden of unnecessary ad hoc determinations.") Finally, the Court notes that Kevin Holmes had an interest in the Estate. Policy will not allow a beneficiary, especially one who has taken the oath of a practicing attorney, to circumvent the laws to his benefit. Thus, the Court finds that the defendants did not establish reasonable cause for failing to pay the tax deficiency based on the IRS's erroneous calculation.

---

[5] The fifth circuit noted that, "[t]he analysis in *Boyle* only concerned failure-to-file penalties under § 6651(a)(1) and not failure-to-pay or failure-to-deposit penalties under §§ 6651(a)(2) and 6656, respectively. The language concerning the relevant standard is identical in all three provisions. Thus, we find no reason to treat the language in § 6651(a)(1) differently from that in §§ 6651(a)(2) and 6656." *Id.* (citing *E. Wind Indus., Inc. v. United States*, 196 F.3d 499, 504 n. 5 (3d Cir. 1999)). The Court also finds the language in § 6651(a)(3) identical to this standard.

However, the Government concedes to additional credits for income tax payments made against the estate tax liability outside of the stipulated order of the tax court as follows: $65,120.00, $31,325.00, and $15,980.00 for the 1999, 2001, and 2002 tax years, respectively. (*See* Dkt No. 28 at pg. 22; Ambuehl Declaration at ¶ 3, Ex. 2). The credits yield a balance estate tax deficiency due of $296,680.67, which the Court adopts.[6]

### C.     The Defendants' Counterclaim for Refund

The Government has also moved for summary judgment on the defendants' counterclaim. The defendants brought the counterclaim under 26 U.S.C. § 7433, which, in relevant part, states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

The Government challenges the defendants' standing to bring this counterclaim because they are not taxpayers within the meaning of § 7433. The Court disagrees. Notwithstanding, the defendants counterclaim fail for two reasons. First, the defendants counterclaim complains of the IRS's erroneous assessment. However, the law is clear that a taxpayer cannot seek damages under § 7433 for improper assessment of taxes. *See Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). Next, the defendants failed to demonstrate a *prima facie* case for their § 7433 claim. "Determining liability under Section 7433 is a two-step process: first, a [counter-]plaintiff must prove that the IRS intentionally, recklessly, or negligently disregarded part of Title 26 in connection with the collection of the plaintiff's federal tax liability and, second, the plaintiff must provide evidence of damages." *Whitney v. United States*, No. EDCV1501472ABDTBX, 2015 WL 11197828, at *2 (C.D. Cal. Dec. 9, 2015). To satisfy the first step of the Court's inquiry,

---

[6] To this end, the Government argues that the $296,680.67 is owed by Kevin and Barbara Homes individually. Whereas, the Government argues that the $551,627.96 is owed by Barbara Holmes as the executrix of the Estate. The Court rejects this proposition.

"the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets." *Shaw*, 20 F.3d at 184.

In this case, to collect the unpaid taxes, the IRS elected to file a federal tax lien against the Estate. In doing so, the defendants aver that the IRS disregarded 26 U.S.C. § 6320(a) in failing to provide proper notice by sending the notice to the wrong address. It is undisputed that the IRS agent sent the notice to Barbara Holmes' old address. A question remains, however, as to whether this act was committed by the IRS agent with the requisite intent to establish § 7433 liability. Assuming *arguendo* that the defendants establish § 7433 liability, the defendants fail to establish damages. As evidence of damages, the defendants aver that the notice of federal tax lien caused them to be denied application to refinance their home mortgage. In support of this averment, the defendants proffer an unauthenticated letter dated November 7, 2014, from Julie Parish ("Parish"), Senior Banking Center Manager of Amergy Bank. (*See* Dkt No. 19, Ex. C at 6; *see also* Dkt No. 28, Parish Depo. at 4:11–15). The letter indicates that Kevin Holmes' application to refinance his mortgage loan was denied due to the federal tax lien. *Id.* The letter also indicates that had the refinance been completed, Kevin Holmes would have saved "a minimum of $300.00 dollars a month." *Id.* As a result, the defendants assert that they suffered damages in the amount $98,630.66. (*See* Dkt. No. 19 at ¶ 16).

The Court finds that this unsworn statement is incompetent summary judgment evidence. This letter does not defeat the Government's motion for summary judgment because the document itself is unauthenticated, the statement contain in it are unsworn, and does not indicate that the statements are made from personal knowledge as required by Federal Rule of Civil Procedure 56(e). *See Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 333 (5th Cir. 2007) (citing *Duplantis v. Shell Offshore Inc.*, 948 F.2d 187, 191 (5th Cir. 1991). Thus, the defendants'

counterclaim fails to raise a genuine issue of material fact to survive summary judgment. As well, ". . . unauthenticated documents cannot be considered in support of a motion for summary judgment." *United States v. Heerwagen*, 993 F.2d 1543 (5th Cir. 1993) (citation omitted). Moreover, the letter is a hearsay document, is highly speculative, and constitutes an insufficient bases for an award of damages. In fact, Parish's sworn deposition testimony completely contradicts several statements contained in the document as well as the defendants' arguments. (*See* Dkt No. 28, Parish Depo. at 4:11–15, 11:1 – 12:20, 13:15-22, 14:17-20, 15:6-11, 15:17 – 16:1, 17:20 – 18:3). Therefore, as a matter of law, summary judgment is appropriate in favor of the Government.

However, the Court recognizes that the IRS made errors in this matter. As a result, the Court in equity is not persuaded that judgment should be rendered against Kevin and Barbara Holmes in their individual capacities. Therefore, to the extent that relief is sought against Kevin and Barbara Holmes individually, the Court denies the Government's motion for summary judgment.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, the Government's motion for summary judgment is **GRANTED in part**. Further, the defendants' motion for summary judgment is **DENIED**.

SIGNED on this 16th day of August, 2016.

_____
Kenneth M. Hoyt
United States District Judge